UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED CARTER,             ) | 1:07-cv-00045-LJO-SMS |
|                             ) | |
|         Plaintiff,          ) | FINDINGS AND RECOMMENDATIONS RE: |
|    v.                       ) | MOTION FOR ATTORNEY'S FEES UNDER |
|                             ) | EQUAL ACCESS TO JUSTICE ACT (DOC. |
| MICHAEL J. ASTRUE,          ) | 35) |
| COMMISSIONER OF SOCIAL      ) | |
| SECURITY,                   ) | |
|                             ) | |
|         Defendant.          ) | |
|                             ) | |

Plaintiff is represented by counsel and proceeded with an action in which the Court reviewed a final decision of the Commissioner of Social Security (Commissioner) and, by judgment entered on October 20, 2008, ordered the matter remanded pursuant to sentence four of 42 U.S.C. §405(g) for further administrative proceedings. The matter is before the Magistrate Judge pursuant to Local Rule 72-302(c)(15).

I. Introduction

The matter is currently before the Court on Plaintiff's motion for attorney's fees and costs, filed on December 19, 2008, along with several declarations of Harvey P. Sackett of Sacket and Associates, who has substituted in as Plaintiff's counsel, as

1

well as suggested findings of fact and conclusions of law. The proposed substitution form was first submitted on October 17, 2007. The substitution form on its face reflects that it was signed by Plaintiff and her former counsel, Charles D. Oren, on October 16, 2007, but the substitution form, which included an order of substitution, was not signed by the Court until February 3, 2009, and was not filed until February 6, 2009. Defendant filed opposition to the motion on January 27, 2009. Plaintiff filed a reply on February 5, 2009, which included a supplemental declaration of Mr. Sackett and a proposed order.

    Defendant's only contentions concern the reasonableness or propriety of recovering fees, and the award of fees directly to the Plaintiff's counsel as distinct from to Plaintiff herself.

II. <u>Analysis</u>

    A. <u>Sufficiency of the Motion</u>

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

It appears that the petition was filed within thirty days of final judgment in the action and thus is timely pursuant to § 2412(d)(1)(B). Further, the petition is adequate on its face because it meets the requirements of § 2412(d)(1)(B), which requires in addition to timely presentation that the petition 1)

show a) that Plaintiff was the prevailing party, b) that Plaintiff was eligible to receive an award under the subsection, and c) the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and 2) allege that the position of the United States was not substantially justified.

### B. Prevailing Party and Substantial Justification

In its sixty-one page ruling on the complaint, this Court determined numerous issues and remanded the case with directions that Plaintiff's subjective complaints and the RFC assessments of Plaintiff's treating physicians be credited as true; upon remand the agency was to address specific arguments by Plaintiff concerning whether or not her severe impairments met or equaled a listed impairment, whether given Plaintiff's RFC as reflected by her subjective claims and the assessments of her treating physicians, Plaintiff could perform any other work and, if not, when her disability commenced. (Doc. 28 p. 60.) In short, Plaintiff's counsel identified numerous errors that had been made by the ALJ whose decision was reviewed by the Court, and Plaintiff prevailed on multiple issues. Plaintiff was a prevailing party.

Defendant does not concede either that Plaintiff was a prevailing party or that the government's position in the underlying case was not substantially justified. However, Defendant raises no issues regarding either Plaintiff's status as a prevailing party or the government's position not being

3

substantially justified. To show substantial justification for conduct, the Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996). A finding that an agency's position was substantially justified when it was based on violations of the Constitution, federal statute, or the agency's own regulations, constitutes an abuse of discretion. Id. In this case, the Commissioner has not established a reasonable basis in fact or in law with regard to its errors concerning Plaintiff's subjective complaints, the opinions of Plaintiff's treating physicians, or other erroneous aspects of the administrative analysis. It is concluded that the United States has not shown that its position was substantially justified.

Further, the Court is aware of no evidence or circumstance that would constitute special circumstances such that an award would be unjust. The Court finds that there are no special circumstances such that an award would be unjust.

### C. Reasonableness of Hours Requested

Plaintiff's counsel seeks 29.4 hours of work at $166.46 per hour in 2007; 11.7 hours of work at $172.00 per hour in 2008; and for the reply, an additional 1.5 hours, for a total of 47.95 hours at the hourly rates for each respective year. Counsel also seeks paralegal time at 5.35 hours at $106.00 per hour. The total amount of the claim is $7,733.13.

Defendant does not contest the hourly rates claimed by

4

Plaintiff.[1] However, Defendant does dispute the reasonableness of some of the hours billed.

### 1. Counsel's Hours

Defendant argues that of the 27.9 hours claimed for preparation of the opening brief (summary judgment motion), 6.8 hours for reviewing the record on six days in December 2007 are unnecessary and excessive. Defendant relies on <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983) for the proposition that fees awarded pursuant to any fee-shifting statute must be shown to be reasonable by the applicant, who bears the burden of proof of reasonableness as to the number of hours and hourly rate; further, only hours properly billed to one's client may be billed to one' adversary, and hours that are excessive, redundant, or otherwise unnecessary should be excluded from a claim.

The record in a case in which this Court is reviewing a denial of Social Security benefits is the basis of all and any intelligent briefing and decision. The Court is familiar with the types of records submitted in such cases and notes the relatively high probability of the inclusion therein of handwritten documents, which are often virtually illegible, and expert reports containing dense medical and technical data. It is generally reasonable for counsel to claim about sixty-five pages of record per hour of review, and that is approximately Mr. Sackett's claim in the instant case; 454 pages of record divided by 6.8 hours reflects about 66.76 pages per hour of review.

---

[1] Pursuant to 28 § 2412(d)(2)(A), the hourly rate is fixed by statute but is subject to adjustment if the cost of living or a special factor justifies a higher fee.

1    The Court concludes that Plaintiff's counsel has shown that
2 the number of hours claimed for review of the record in
3 connection with the drafting of the lengthy opening brief, which
4 was well over thirty pages, was reasonable.
5    Defendant argues that 1.6 hours spent researching obesity
6 and a presumption of non-disability were unnecessary because
7 counsel is an experienced Social Security attorney.
8    The issues of obesity and the presumption of disability both
9 figured prominently in the consideration of the case on its
10 merits. Counsel made an argument concerning the appropriateness
11 of the application of res judicata and the presumption of
12 disability based on the applicant's lack of counsel in previous
13 proceedings which had resulted in the finding sought to be given
14 res judicata effect. (Brief pp. 16-17.) Further, counsel made an
15 argument concerning the extent of the findings required with
16 respect to a documented impairment of obesity. (Brief. pp. 17-
17 18.) Counsel's provision of authority to the Court concerning
18 obesity and the application of the presumption was necessary and
19 proper; indeed, the Court would lack confidence in a position set
20 forth without authority, and it would be extremely reluctant to
21 encourage such a practice. At the same time, it is not reasonable
22 to expect even seasoned Social Security attorneys to have all the
23 case law applications of principles of judicial review memorized.
24    The Court concludes that Plaintiff's counsel has
25 established that the disputed hours claimed with respect to
26 review of the record and research were reasonably expended.
27 Further, the Court finds reasonably undertaken all attorney hours
28 expended upon Plaintiff's opening brief, which was well indexed

6

and contained a full statement of facts with citation to the record and a carefully drafted and well-supported argument.

Defendant argues that 7.2 hours billed for the seven-page reply brief were unnecessarily expended.

Here, the reply included a response, with detailed argument, to the Defendant's rather unusual position that the ALJ did not rigidly apply res judicata; Defendant's argument that the Burch case controlled with respect to the treatment of obesity and that the ALJ had completed the required analysis of obesity; the status of a physician; and the defective findings concerning Plaintiff's credibility. The brief cited to numerous authorities and places in the record. The reply was clearly focused on the arguments made by the Defendant. The Court finds such replies to be very helpful. In light of the circumstances of this case, the Court concludes that Plaintiff's counsel has shown that the hours spent by counsel in reviewing the Defendant's brief and in preparing and drafting the reply brief were reasonably expended.

Defendant states in the opposition that Plaintiff must demonstrate that the time taken to file a reply to Defendant's opposition to the motion for fees was reasonable.

Plaintiffs who are otherwise eligible for EAJA fees are also entitled to recover for the time reasonably spent in litigating their request for fees, without regard to whether or not the government's position with respect to the fee request was substantially justified. Commissioner v. I.N.S. v. Jean, 496 U.S 154, 160-66 (1990). Plaintiff here filed a reply brief that responded to Defendant's contentions, included authorities concerning the showing required by a party seeking an award.

7

Plaintiff seeks 1.5 hours for reviewing Defendant's opposition, writing Plaintiff's response, and drafting a supplemental declaration. The time spent was reasonably expended. Plaintiff has demonstrated entitlement to fees for work done on the reply.

### 2. Paralegal Time

Plaintiff's counsel seeks to recover 5.35 hours of paralegal time at $106.00 per hour for tasks largely consisting of correspondence and telephone conferences with the client and the Court and preparation of legal documents.

Defendant specifically objects to .9 of an hour of paralegal time devoted on December 18 and 19, 2008, to preparation of EAJA pleadings, including but not limited to converting Word itemization of time to pleading format, and electronic correspondence with the Court. Defendant argues that recovery for these tasks performed by a paralegal should not be permitted because the work was clerical in nature.

It is established that the EAJA, 28 U.S.C. § 2412(d)(1)(A), permits a prevailing party to recovery fees for paralegal services at the market rate for such services (as distinct from the attorney's cost); the statute refers to recovery of "fees and other expenses," and the Supreme Court has interpreted "fees" to include paralegal fees. Richlin Security Service Co. v. Chertoff, 128 S.Ct. 2007, 2014 (2008). The Court adverted to the increasingly widespread custom of attorneys' billing clients for paralegal services, and the propriety of the Court's looking to market practice in determining what is ordinarily included in office overhead and what is customarily chargeable to clients. Id. at 2015-16. Although Richlin involved an award of fees to a

1  prevailing party in a proceeding before an administrative agency,
2  and the Court confined its discussion to 5 U.S.C. 504(a), it
3  expressly noted that it assumed without deciding that the
4  reasoning of the opinion would extend equally to § 2412. Richlin,
5  128 S.Ct. 2007, 2012 n. 3. The holding has been applied to fees
6  of a law school graduate without bar credentials seeking to
7  recover under 28 U.S.C. § 2412(d). Natural Resources Defense
8  Council v. Winter, 543 F.3d 1152, 1158-59 (9th Cir. 2008).
9       Fees for paralegal services customarily billed to a client
10 are recoverable under the EAJA. Richlin Security Service Co. v.
11 Chertoff, 128 S.Ct. 2007, 2019 (2008). However, purely clerical
12 or secretarial tasks that require no legal skill or training,
13 such as converting pleadings to PDF, faxing and mailing, updating
14 lists and calendars, and filing or e-filing documents, should not
15 be billed at a paralegal rate regardless of who performs them.
16 Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir.
17 1999) Sorenson v. Concannon, 161 F.Supp.2d 1164, 1168-69 (D.Ore.
18 2001); see, Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989 (§
19 1988). Secretarial and overhead expenses are customarily included
20 in an attorney's hourly rates. Wilkett v. I.C.C., 844 F.2d 867,
21 875 n. 6 (C.A.D.C. 1988). However, preparing and reviewing court
22 documents are tasks that are routinely performed by an attorney.
23 Williams v. Apfel, 2000 WL 684259, *2 (S.D.Ind. 2000) (properly
24 recoverable legal services included preparing the complaint and
25 return of service and reviewing the answer and court orders).
26      Here, there is no allotment of the challenged time to
27 preparation of documents on the one hand, and correspondence and
28 conversion of pleadings on the other hand. The tasks constitute

1  clerical tasks, require no legal training or skill, and should
2  not be included in the award. Accordingly, .9 hour of paralegal
3  time will be subtracted.

### D. Assignment of Right to Fees

Plaintiff's counsel seeks to have the fees paid directly to counsel based on a purported assignment of Plaintiff's right to the fee. Defendant argues that pursuant to the statute, EAJA fees are only properly awarded to the prevailing party, Plaintiff herself.

Title 28 US.C. § 2412(d)(1)(A) expressly provides that the "court shall award to a prevailing party... fees and other expenses... incurred by that party in any civil action...." Although there is no binding Ninth Circuit authority, it has been held that the award is properly given to the plaintiff. Manning v. Astrue, 510 F.3d 1246, 1249-55 (10th Cir. 2007); Panola Land Buying Association v. Clark, 844 F.2d 1506, 1510-11 (11th Cir. 1988); Phillips v. General Services Admin., 924 F.2d 1577, 1582 (Fed. Cir. 1991); McCarty v. Astrue, 505 F.Supp.2d 624, 629-31 (N.D.Cal. 2007).

Plaintiff's counsel asserts that Plaintiff signed a valid assignment of EAJA fees, which was provided on November 14, 2008, to the Commissioner with a fee contract signed by Plaintiff that included a provision for the assignment of EAJA fees. (Response p. 7.) Plaintiff states that a copy of the assignment is attached (presumably to the response itself, Doc. 41) as Exhibit A. However, reference to the document as filed with the Court reveals no such document attached to the response.

The existence and terms of the purported assignment are

10

unclear. Plaintiff has failed to establish the terms of any assignment, and she has failed to establish the existence of a valid, enforceable assignment of any right of Plaintiff to fees under the EAJA.

Accordingly, the request to award the fees directly to counsel will be denied.

III. <u>Recommendation</u>

In summary, Plaintiff's request for attorney's fees in the amount of $7,733.13 will be reduced by $95.40 (.9 hours of paralegal time at $106.00), for a total award of $7637.73.

Accordingly, it IS RECOMMENDED that

1) Plaintiff's motion for attorney's fees BE GRANTED IN PART; and

2) The Court APPROVE an award of $7,637.73 as attorney's fees; and

3) The award BE MADE directly to Plaintiff, the prevailing party.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then

11

1 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
2 (b)(1)(C). The parties are advised that failure to file
3 objections within the specified time may waive the right to
4 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
5 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.

8 **Dated:   February 25, 2009**          /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE