# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:07-cv-00045-LJO-SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE COURT GRANT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)<br><br>(Doc. 48) |

　　　　Plaintiff moves the Court to grant net attorneys' fees of $9,612.52, under 42 U.S.C. § 406(b).  Defendant Commissioner has taken no position regarding Plaintiff's request.  Having reviewed the motion and its supporting documentation, as well as the case file, this Court recommends that the Court award the requested attorneys' fees.

**I.　　Legal and Factual Background**

　　　　On January 6, 2007, Plaintiff filed a complaint in this Court appealing Defendant's denial of her application for disability insurance benefits.  By a judgment entered October 20, 2008, this Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

　　　　On or about October 29, 2008, Plaintiff and her attorney, Sackett and Associates, a Professional Law Corp., entered a contingent fee agreement, providing payment to attorney of twenty-five per cent of her past due benefits in the event her case was won.  Plaintiff filed a substitution of attorney on February 6, 2009.

On March 23, 2009, the Court awarded Plaintiff a fee of $7,637.73 under the Equal Access to Justice Act (EAJA).

On August 5, 2009, the agency determined that Plaintiff was eligible for disability benefits. On November 10, 2009, the agency notified Plaintiff of the award of monthly disability benefits beginning in October 2003. The agency withheld twenty-five per cent of Plaintiff's past due benefit ($13,625.25) for payment of attorneys' fees. In addition, the agency awarded a past due benefit of $14,500 to Plaintiff's daughter Makayla, noting that attorneys' fees for Makayla could not exceed $3625.00.[1] Accordingly, twenty-five percent of the past due benefits for Plaintiff and her daughter equaled $17,250.25. Plaintiff moved for attorneys' fees pursuant to 42 U.S.C. § 406(b) on May 26, 2010.

**II.    Discussion**

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1(A).

The Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808. Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits. *Id.* at 807. Within the twenty-five percent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided. *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406 (b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Attorneys

---

[1] The agency's letter does not indicate that twenty-five per cent of Makayla's past benefits was withheld.

2

who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Sackett and Associates accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, her attorneys secured the award of substantial benefits to Plaintiff and her daughter.

### III. Conclusion and Order

Accordingly, the undersigned recommends that the Court Plaintiff's petition for attorneys' fees of $17,250.25, net of the previously awarded fee of $7637.73 under the Equal Access to Justice Act (EAJA), for a total amount of $9,612.52.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that, by failing to file objections within the specified time, they may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2010**                   /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE